## PROSSER *v.* FINN.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 64. Submitted December 4, 1907.—Decided January 13, 1908.

If an entryman's entry is good when made and the Land Department, by error of law, adjudges the land to belong to another, a court of equity will convert the latter into a trustee for the former and compel him to convey the legal title.

Continued occupation of public land by one not entitled to enter after the disability has been removed is not equivalent to a new entry. The entryman's rights are determined by the validity of the original entry when made.

An erroneous interpretation of a statute by the Commissioner of the Department to which it applies, does not confer any legal rights on one acting in conformity with such interpretation, in opposition to the express terms of the statute.

Congress having said without qualification, by § 452, Rev. Stat., that employés in the General Land Office shall not, while in the service of that office, purchase, or become interested directly or indirectly in the purchase of, public lands, this prohibition applies to special agents of that office and renders an entry made by a special agent under the Timber Culture Act void, leaving the land open to entry, notwithstanding that such agent made the same in good faith when there was a ruling of the Commissioner that § 452 did not apply to special agents, and that he complied with the requirements of the act and continued in occupation after he had ceased to be a special agent.

41 Washington, 604, affirmed.

FINN, the defendant in error, holds a patent from the United States for certain lands in Yakima County, State of Washington, for which Prosser, the plaintiff in error, had previously made an entry under what is known as the timber-culture statutes.

Asserting that in virtue of such entry he was entitled, under
the acts of Congress, to a patent from the United States, Prosser
brought the present suit against Finn in one of the courts of
Washington, the relief asked being a decree declaring his right
to the lands and requiring the defendant to convey the legal
title to him.

The court of original jurisdiction sustained a demurrer to
the complaint, and dismissed the suit; and that decree was
affirmed by the Supreme Court of Washington.

The plaintiff in error contends, as he did in the state courts,
that the decision that he was not entitled under the statutes
of the United States to a patent denied to him a right given
by those statutes. The defendant contends that in view of
his official relations to the General Land Office at the time of
his entry Prosser could not legally acquire an interest in these
lands.

. The case made by the complaint is substantially as follows:

On the eighteenth day of October, 1882, Prosser made a
timber-culture entry at the proper local land office for the
lands in question, and thereafter duly planted trees and by
cultivation in good faith improved the lands at great labor
and expense. His entry complied in all respects with the
statutes. 17 Stat. 605, c. 277; 18 Stat. 21, c. 55.

More than five years after that entry, on August 30, 1888,
one Grandy filed an affidavit of contest on the ground of non-
compliance with the statute. But the contestant failed to
prosecute his claim, and at the hearing that contest was dis-
missed.

Subsequently, October 28, 1889, one Walker filed against
Prosser's entry an affidavit of contest. In that affidavit
various grounds of contest were specified, each of which alleged
non-compliance with the provisions of the statute in respect
of the planting of trees. The affidavit was afterwards amended
December 1, 1889, so as to embrace the charge that Prosser,
at the time of his entry, was an acting United States Timber
Inspector, and that as such inspector he was prohibited by

law from making said entry; also, that the land was then settled upon and cultivated as required by law. The relief sought by the contestant Walker was the cancellation of Prosser's entry and its forfeiture to the United States.

The local land office sustained Walker's contest and gave a decision against Prosser's entry, based upon his incompetency as inspector to make it. In the opinion of the Register it was said: "It appears from the testimony adduced at the hearing that Mr. Prosser was appointed special agent of the General Land Office, July 26, 1880, and was performing the duties as such agent at the time of initiating the entry. He was charged with the duty of caring for and protecting the interests of the Government in the disposal of its public lands. His duties afforded an opportunity of gaining information of the public domain not extended to the ordinary settler. As a result of this superior advantage he selected a very desirable tract bordering upon the Yakima River at a point where there are falls well adapted to the production of power for running machinery, etc., which rendered the land more valuable than ordinary agricultural tracts. Bad faith cannot in any wise be imputed to the entryman, for it appears that he has expended considerable time and money attempting to grow timber on the land, but with meager results. It is situated in a dry, arid section of country, where little or no vegetation will grow without irrigation. The repeated efforts to grow trees evince good faith in an honest endeavor to faithfully comply with the law." Referring, however, to a letter addressed by the Commissioner to the local land officers, under date of July 22, 1882, and which directed that Prosser be allowed to make payment for the lands entered by him—in which letter the Commissioner held that a special agent did not come within the inhibition contained in § 452, Rev. Stat.—the Register (the Receiver concurring), said: "We are inclined to the opinion that the Commissioner erred in stating that a special agent does not come within the prohibition of the statute prohibiting employés of the Land Department from entering lands within

the public domain. Of all the officers and employés connected with the General Land Office, special agents, from their peculiar duties, have the best opportunities for gaining information of lands, and we consider it a wise policy to exclude such officers from the privilege of entering lands. A great hardship has been done the contestee in this case, because we have no doubt he was led to make this entry upon the authority of the letter before referred to; but holding to the doctrine that special agents come within the inhibition of § 452, Rev. Stat., we are unable to afford him the relief we would desire to give. We therefore hold that said timber-culture entry was void in its inception and recommend its cancellation."

The section of the Revised Statutes just referred to is in these words: "The officers, clerks, and employés in the General Land Office are prohibited from directly or indirectly purchasing or becoming interested in the purchase of any of the public land; and any person who violates this section shall forthwith be removed from his office."

On appeal to the Commissioner of the General Land Office that decision was affirmed March 30, 1892, upon the ground that the statute made it illegal for Prosser to make his entry, he being, at the time, a special agent of the General Land Office. Upon appeal to the Department of the Interior, its First Assistant Secretary, on July 7, 1893, reversed the decision of the Commissioner and dismissed the contest of Walker, upon the authority of *Grandy* v. *Bedell*, 2 L. D. 314.

At a later day, April 16, 1894, upon Walker's petition for a rehearing of the case by the Interior Department, Secretary Smith reversed the decision made by the First Assistant Secretary and affirmed the decision of the Commissioner and local land office.

The complaint alleged that the decision of Secretary Smith was erroneous in law; that resting on the construction of the statute by the Interior Department at the time of his entry and upon the special advice of the Commissioner of the Land Office, he made his filing in good faith, diligently, and at great

expense and labor planted trees on and cultivated said lands, and intended in all respects to comply with the statute; that long prior to the initiation of said contests he ceased to be a special agent of the General Land Office or to have any connection whatever with the Land Department, all of which was well known to contestant; that, in pursuance of the erroneous decisions of the Interior Department, Walker was permitted to enter the lands, he having at the time full knowledge of plaintiff's entries and rights; that, subsequently, a patent was issued to Finn, the present defendant in error.

*Mr. James H. Hayden, Mr. Robert C. Hayden* and *Mr. James B. Reavis* for plaintiff in error:

The plaintiff's entry upon the land in dispute was valid in its inception. Special timber agents or inspectors are not officers, clerks, or employés in the General Land Office within the meaning of § 452, Rev. Stat., and are not thereby prohibited from entering public land. As interpreted and administered by the Land Department when the plaintiff's entry was made, the prohibition contained in § 452 did not extend to special timber agents. This cause must be determined in conformity with the contemporaneous interpretation of the law by the Land Department. If the prohibition contained in § 452 had extended to special timber agents, it would not have rendered the plaintiff's entry void or liable to cancellation, but merely rendered plaintiff liable to removal from his office. *Grandy* v. *Bedell*, 2 L. D. 314; *Lock Lode Claim*, 6 L. D. 105; *Winans* v. *Beidler*, 15 L. D. 266; *James* v. *Germania Iron Co.*, 107 Fed. Rep. 597; *United States* v. *Alabama &c. R. R. Co.*, 142 U. S. 615, 621; *Leffingwell's Case*, 30 L. D. 139.

If the plaintiff had been disqualified by law from entering public land when he made his entry upon the land in dispute, the entry would have been validated by the removal of his disability, which occurred four years before the date of the contest wherein his entry was canceled. The removal of his disability, coupled with the fact that he made his entry in

good faith and in conformity with a decision of the Land
Department, and for a period of seven years subsequent to
his entry and prior to the contest, had done and performed
all things requisite for the acquisition of the land under the
land laws of the United States, would have been sufficient to
cure the defect in his entry if it had been defective originally.
*Mann,* v. *Huk,* 3 L. D. 452; *Case of Krogstad,* 4 L. D. 564; *Case
of Jacob A. Edens,* 7 L. D. 229; *Phillip* v. *Sero,* 14 L. D. 568;
*Case of Bright,* 6 L. D. 602; *St. Paul &c. R. R. Co.* v. *Forseth,*
3 L. D. 446; *Case of Baird,* 2 L. D. 817.

The defendant entered upon the land in dispute with full
notice of all proceedings had with respect to the entry made
and work done by the plaintiff, and therefore the defendant,
having obtained legal title to same by patent from the United
States in consequence of errors of law committed by the
Land Department in canceling plaintiff's entry, should be
decreed to hold the title for the benefit of the plaintiff.

*Mr. B. S. Grosscup* for defendant in error.

Mr. Justice Harlan, after making the foregoing statement,
delivered the opinion of the court.

This case depends upon the construction to be given to § 452,
Rev. Stat. If Prosser's original entry was forbidden by the
above statute, then nothing stood in the way of that entry
being canceled by order of the Secretary of the Interior in a
proceeding that directly involved its validity. On the other
hand, if he acquired any right by virtue of his entry, the judg-
ment to the contrary by the Land Department was an error
of law which could be corrected by a decree declaring that the
title was held in trust for him by the defendant. The principle
is well settled that "where one party has acquired the legal
title to property to which another has the better right, a court
of equity will convert him into a trustee of the true owner and
compel him to convey the legal title." *Stark* v. *Starrs,* 6 Wall.

402, 419; *Silver* v. *Ladd*, 7 Wall. 219; *Cornelius* v. *Kessels*, 128 U. S. 456, 461; *Bernier* v. *Bernier*, 147 U. S. 242; *In re Emblem*, 161 U. S. 52.

The difficulty in the way of any relief being granted to the plaintiff arises from the statute prohibiting any officer, clerk or employé in the General Land Office, directly or indirectly, from purchasing or becoming interested in the purchase of any of the public land. That a special agent of the General Land Office is an employé in that office is, we think, too clear to admit of serious doubt. Referring to the timber-culture statute, Secretary Smith well said: "When the object of the act is considered, it will be seen that it applied with special force to such parties as the defendant in the cause at issue. As a special agent of the Commissioner of the General Land Office, he was in a position peculiarly adapted to secure such knowledge, the use of which it was the intention of the act to prevent. It follows from what has herein been set out that the decision of this Department of date July 7, 1893, was in error, and the same is hereby set aside, and the decision of your office is affirmed."

It is not clear from any document or decision to which our attention has been called, what is the scope of the duties of a special agent of the Land Office, but the existence of that office or position has long been recognized. Suffice it to say that they have official connection with the General Land Office and are under its supervision and control with respect to the administration of the public lands. *Wells* v. *Nickles*, 104 U. S. 444; *S. C.*, 1 L. D. 608, 620, 696; Instructions to Special Timber Agents, 2 L. D. 814, 819, 820, 821, 822, 827, 828, 832; Circular of Instructions, 12 L. D. 499. They are in every substantial sense employés in the General Land Office. They are none the less so, even if it be true, as suggested by the learned counsel for the plaintiff, that they have nothing to do with the survey and sale of the public lands or with the investigation of applications for patents or with hearings before registers and receivers. Being employés in the General Land Office, it

is not for the court, in defiance of the explicit words of the statute, to exempt them from its prohibition. Congress has said, without qualification, that employés in the General Land Office shall not, while in the service of that office, purchase or become interested in the purchase, directly or indirectly, of public lands. The provision in question had its origin in the acts of April 25, 1812, c. 68, 2 Stat. 716, and of July 4, 1836, c. 352, 5 Stat. 107. The first of those acts established a General Lan  Office, while the last one reorganized that office. Each of those acts made provision for the appointment of certain officers, and each limited the prohibition against the purchasing or becoming interested in the purchasing of public lands to the officers or employés named in them, respectively. But the prohibition in the existing statute is not restricted to any particular officers or particular employés of the Land Office, but embraces "employés in the General Land Office," without excepting any of them.

In the eye of the law his case is not advanced by the fact that he acted in conformity with the opinion of the Commissioner of the General Land Office, who stated, in a letter, that § 452, Rev. Stat., did not apply to special agents. That view, so far from being approved, was reversed, upon formal hearing, by the Secretary of the Interior. Besides, an erroneous interpretation of the statute by the Commissioner would not change the statute or confer any legal right upon Prosser in opposition to the express prohibition against his purchasing or becoming interested in the purchasing of public lands while he was an employé in the General Land Office. The law, as we now recognize it to be, was the law when the plaintiff entered the lands in question, and, being at the time an employé in the Land Office, he could not acquire an interest in the lands that would prevent the Government, by its proper officer or department, from canceling his entry and treating the lands as public lands which could be patented to others. It may be well to add that the plaintiff's continuing in possession after he ceased to be special agent was not equivalent

to a new entry. His rights must be determined by the validity of the original entry at the time it was made.

These views dispose of the case adversely to the plaintiff, and require an affirmance of the judgment without reference to other questions discussed by counsel.

*Affirmed.*