## No. 9984.

## HUFF *v.* GEIS.

Decided January 9, 1922.

Action on promissory note.  Judgment for plaintiff.

*Affirmed.*

1.  PUBLIC LANDS—*Homestead Entry by Minor.*  Though a homestead entry made by one under the disability of infancy and not the head of a family is invalid, such invalidity is cured by the attainment of majority prior to the inception of an adverse claim.

2.  BILLS AND NOTES—*Promissory Note—Consideration.*  The relinquishment of a homestead entry is a good and valid consideration for a promissory note.

*Error to the County Court of Logan County, Hon. W. Mabry King, Judge.*

Mr. W. L. HAYS, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note.  There was a judgment for plaintiff, and defendant has sued out this writ of error.

The only defense interposed by defendant was an alleged want of consideration for the note.  Both parties moved for judgment on the pleadings.  The only question that need be considered upon this review is whether the answer alleges facts sufficient to show a want of consideration.

The complaint alleges that on or about March 28, 1917, one Addie Carlson entered into a written contract with the defendant; that by the terms of the contract Carlson sold to the defendant "a relinquishment" covering a quarter section of land, for the sum of $1,000, of which $750 was evidenced by the promissory note sued on.  Plaintiff claims to be a holder of the note in due course.

The answer alleges that on January 15, 1916, Carlson "made a pretended illegal and void homestead entry" on the land, "for at (that date) he had not arrived at the age of twenty-one years and was not the head of a family," and was not otherwise qualified to make a valid homestead entry. These allegations are the basis for the defense of want of consideration. The defense is grounded on the theory that Carlson's entry was void, he had nothing to relinquish, and that therefore there was no consideration for the note.

The answer is clearly insufficient to show a want of consideration. The entry was not void, but, even if it was, it enabled Carlson to have possession of the land and to raise crops thereon. By the contract he parted with something of value to himself, and the party obtaining the relinquishment was saved the expense of a contest or of other means of securing possession of the land.

Carlson's entry, moreover, was not void, so far as shown by the allegations of the answer. It is not alleged that Carlson was still under age and not the head of a family at the time he made the relinquishment. In the *Case of James F. Bright,* reported in Vol. 6, page 602, Decisions of the Department of the Interior relating to Public Lands, it was held that "Though a filing made by a pre-emptor under the disability of infancy is invalid, such invalidity is cured by the attainment of majority prior to the inception of an adverse claim."

The syllabus in *Dillard v. Hurd,* reported in Vol. 46, page 51, of the reports above named, reads as follows:

"A contest brought upon the ground that the entryman is a minor and not the head of a family must fail where, prior to the filing of contest affidavit, the entryman attains his majority."

If Carlson's entry was validated by his becoming of age, no contest having been instituted in the meantime, his contract of relinquishment was valid, and his relinquishment was a valuable consideration for the note. 32 Cyc. 1079, 1080.

The answer admits allegations of the complaint from which it appears that there was a consideration for the note. It admits that defendant sold crops grown upon the premises, and sold the land, and that he agreed to pay the note out of crops raised on the land. It was under the contract made with Carlson that defendant obtained possession of the crops and of the land. He received everything he expected to receive, and all that he contracted for.

There is no error in the record. The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.