**LOWE et al. v. DICKSON.**

No. 14001—Opinion Filed Dec. 9, 1924.

Rehearing Denied May 12, 1925.

(Syllabus.)

1. **Public Lands—Void Homestead Entry—Disqualified Applicant.**

Where an application for homestead entry upon the lands of the United States is made by one who, under existing laws of the United States, is disqualified from making such application, the same is void.

2. **Same—Validation by Subsequent Statute.**

An application for homestead entry upon the lands of the United States which is void when made, is not rendered valid by a subsequent law removing the disqualification of the applicant.

3. **Same—Void Application—Effect on Segregation of Land.**

Where the application for homestead entry and the records of the land office disclose upon their face that such application is void, the land covered thereby is not segregated nor withdrawn from settlement by reason of such void application.

4. **Same—Rights Secured by Contest.**

The fact that one has entered upon and is holding lands of the United States under homestead application which is void upon its face does not authorize a contest upon the ground of failure to cultivate, and one instituting such contest obtains no preferential right thereby.

5. **Trusts—Constructive Trust.**

The principle is well settled that where one party has acquired the legal title to property to which another has the better right, a court of equity will convert him into a trustee of the true owner and compel him to convey the legal title. Prosser v. Finn, 208 U. S. 67.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by Alexander J. Dickson against Seward K. Lowe and another. Judgment for plaintiff, and defendants bring error. Affirmed.

O. C. Wybrant, C. W. Herrod, and S. A. Horton, for plaintiffs in error.

Homer N. Boardman and Dickson & Dickson, for defendant in error.

GORDON, J. This action was begun in the district court of Beaver county, by defendant in error against plaintiffs in error, for the purpose of recovering certain lands in that county, together with the usable value thereof, from and after the 17th day of July, 1917. The parties will be designated as in the trial court.

Plaintiff claims in his petition to be the equitable owner of the said land by reason of the following state of facts:

That on the 2nd day of July, 1906, said tract of land was public land of the United States, subject to homestead entry, unappropriated and without any legal entry thereon; that plaintiff, being duly qualified, did make and present to the Register and Receiver of the United States Land Office at Woodward, Okla., his homestead application therefor under the laws of the United States, and did all the things necessary to constitute a proper application. But that said register, instead of allowing said application, did wrongfully reject the same for the sole reason that said land was covered by the homestead entry of plaintiff made by plaintiff on March 3, 1902, being homestead entry No. 11185. But plaintiff says that said former entry, No. 11185, was void and its invalidity appeared upon the face of the entry paper and upon the face of the record kept by said register and receiver. In explanation of this void entry, plaintiff charges that on May 22, 1894, he made homestead entry No. 509 at said land office, for certain other lands in Woodward county, and on May 28, 1899, he made five-year final proof under said entry and received final certificate No. 509, and that patent was issued therefor on April 21, 1900. Plaintiff says that by reason of this fact, he was disqualified on March 3, 1902, to make homestead entry on the tract involved here. It is alleged that on February 27, 1902, plaintiff executed homestead application to enter the land involved here, before the probate judge of Beaver county, and caused same to be forwarded to the land office at Woodward; that said application was received at Woodward on March 3, 1902; that in said application he set forth the fact that he had theretofore made homestead entry No. 509, and had made final proof thereon and had received patent on April 21, 1900; that when the register received application No. 11185, he indorsed on the proper contest docket a notation, showing the fact as to entry No. 509, and reciting notice to plaintiff, and on March 13, 1902, entry was made on the same docket showing receipt of notice. Plaintiff states that in attempting to make entry No. 11185, he acted in good faith, believing at the time that his right to make the second homestead entry had been restored by law. It is further pleaded that plaintiff, on March 13, 1902, received notice from the register

showing that entry No. 11185 was erroneous by reason of the former entry and that application for return of fees might be made. Plaintiff took no action under this notice. When he made his application on July 2, 1906, same was rejected on the ground that it was in conflict with homestead entry No. 11185. Plaintiff says that he was, on July 2, 1906, qualified to make homestead entry for said land, because on May 22, 1902, Congress passed an act by virtue of which plaintiff's disqualifications were removed. It is alleged that from the action of the register and receiver of the said office in rejecting this application appeals were taken, finally reaching the Secretary of the Interior, who affirmed the original decision; that thereafter a rehearing was had upon an original affidavit of contest, upon which hearing the register recommended the cancellation of said entry upon the ground of abandonment. The petition then sets out at length the various appeals from this ruling and its affirmance, and further alleges that on January 28, 1905, the defendant Seward K. Lowe filed in the land office at Woodward a pretended affidavit of contest against plaintiff, charging abandonment of entry No. 11185, and failure to cultivate and improve as required by law; that said contest was unlawfully entertained and recommendation made by the register that said entry be canceled. This decision was finally affirmed by the Secretary of the Interior. It is alleged in substance that all the contest proceedings were of no effect for the reason that they were aimed at the entry of March 3, 1902, which was void, and the invalidity was apparent of record. It is therefore alleged that all of the actions of the land department in entertaining such a contest and in refusing to allow plaintiff's entry of July 2, 1906, were error as to a pure and unmixed question of law. That in view of the fact that plaintiff was legally entitled to enter said tract, under his application of July 2, 1906, and was the first legal applicant to make entry thereon, and said Lowe was not entitled to contest the illegal entry of March 3, 1902, which had been immediately suspended and rejected, and said Lowe, under said illegal contest, awarded the preference right to enter said land, he was not entitled to make said contest or entry. Plaintiff alleges that defendant Lowe did, on August 6, 1910, make homestead entry to the lands involved here, and, on July 19, 1917, did receive final certificate thereto, and thereafter, on April 13, 1918, patent issued to him. For the reasons stated, plaintiff claims that defendant Seward K. Lowe is holding title as trustee

for him and prays a decree so adjudging, and, further, a decree directing conveyance of said land by defendant to him. There is also prayer for recovery of the usable value of the land from the time plaintiff was deprived of possession thereof.

Defendants in their answer admit that patent to the land in controversy was issued and delivered to Lowe on April 13, 1918. They further say that on February 27, 1902, this land was owned by the United States and was vacant and unappropriated and open to entry; that on said date, plaintiff made application to enter upon same and on March 3, 1902, application was allowed by the Department of the Interior; that the question of plaintiff's qualification to enter was presented in connection with the application and it was held that plaintiff was qualified to enter and that such entry remained intact upon the record until cancellation thereof by the Interior Department on the 6th day of August, 1910. Defendants say that, this question having been adjudicated by the Interior Department, this court is without jurisdiction to determine such question in this action. Defendants pleaded estoppel against the assertion of the invalidity of this entry because of the application and its allowance by the department. They say that while this entry was in force, defendant Lowe, on January 28, 1905, filed in the land office at Woodward an affidavit of contest against said entry upon the ground of abandonment and failure to improve and cultivate. That plaintiff joined issue upon these allegations and asserted that he was fully complying with the law. That said entry was canceled by the Interior Department upon the ground that plaintiff had failed to comply with the law and that defendant was awarded the preference right to enter, and on August 6, 1910, defendant made entry No. 021188 for said land and complied with the law so that patent was issued to him. Defendant says that it was not until July, 1906, that plaintiff asserted the invalidity of his entry No. 11185, when it became apparent that the department would cancel said entry. In his reply, plaintiff denies generally the allegations of the answer.

The case was tried to the court; there was judgment for plaintiff declaring the defendant to be holding the land as trustee for plaintiff and rendering judgment for the usable value of the land for the several years during which it had been held by defendant Lowe. Due exceptions were saved, and upon the overruling of a motion for

new trial, the cause was appealed to this court.

While there are eight assignments of error, we are of opinion that these various assignments present in different ways the few questions involved here. The questions to be decided are:

1st. Whether plaintiff's alleged entry No. 11185 was void with its invalidity appearing upon the face of the record.

2nd. If this entry No. 11185 was void at the time it was made, was it rendered valid by the continued holding of the plaintiff thereunder after the passage of the Act of May 22, 1902, which rendered plaintiff qualified to make the entry?

3rd. Did the successful prosecution of the contest by the defendant create in his favor a preferential right of entry upon the land, admitting that plaintiff's entry was originally void upon its face?

Other questions are urged, to wit, claim of estoppel against the plaintiff; the assertion by the defendant of laches and that the judgment for the usable value was not warranted by the evidence; but these latter questions are not, as we view it, of serious importance here, though they will, of course, be passed upon.

In considering these questions we find that when plaintiff attempted to make this entry No. 11185, he had already exhausted his rights under existing laws, and was precluded from making this entry by such existing law and the fact of his former entry and the fact that the same had been paid out and that the manner and time of such payment were of record in the land office. Under the rules governing such entry the applicant was required to file with his application an affidavit showing his qualification to make the entry. This he did, setting out the full description of his former entry. The Land Department takes judicial notice of its records. Leightner v. Hodges, 3 L. D. 193; Ward's Heirs v. Laborraque, 22 L. D. 229. The local land office took the view that the entry was void and so advised the applicant. No other conclusion could have been reached. The attempted entry was void, not by reason of any concealed disability on the part of the applicant, but by reason of the facts as they appear of record. It must follow that the land involved was not thereby withdrawn from further appropriation. See case of David P. Litz, 3 L. D. 181; Wilcox v. Jackson, 13 Peters, 498. The defendant Lowe was at liberty after this attempted entry to apply for entry upon the land. It is evident that if the entry of Dickson was void and if he obtain-

ed no rights thereby, there was no room for a contest on the ground of abandonment. Yet, out of such a contest arises the right of defendants here, if any they have. The department, in finally passing upon the contest, realized this difficulty. In the opinion, finding in favor of contestant on appeal, the department says:

"You held the fact and regularity of the alleged appeal of July 10, 1906, and the original invalidity of the second entry (made March 3, 1902) were immaterial questions, because Dickson's continued assertion of right under his second entry (which has reference to his entry of March 3, 1902) after the passage of the Act of May 22, above, cured the entry and made it valid, citing Smith v. Taylor (23 L. I. 440); Geo. W. Blackwell, (11 L. D. 384); John J. Stewart (9 L. D. 443)."

And further:

"That his second entry of March 3, 1902, became good on passage of the Act of May 22, 1902, is clear upon the decisions cited by your office. Having a record entry which he was asserting, the act granting a second right, in absence of any adverse right, cured all the infirmity of the entry at its initiation."

This brings us to the question submitted by the above quotation, which is, whether the original void entry was validated by a subsequent act which would render the plaintiff qualified to make the entry. The holding of the department that the original void entry was so validated is supported by a number of decisions of the Land Department and some of them are cited in the matters above quoted. These opinions are entitled to great weight and should not be overruled except for cogent reasons and unless it be clear that such construction is erroneous. United States v. Johnson, 128 U. S. 237, 31 L. Ed. 389. But a different conclusion has been reached by the Supreme Court of the United States in the case of Prosser v. Finn, 208 U. S. 67, 52 L. Ed. 392, and the law as laid down in that case is binding upon us here. In that case, Prosser, who was a special agent of the general land office, had made a timber-culture entry for the land involved and under this entry had gone upon the land, planted trees, and improved the land at great labor and expense. At the time of making his entry, the law in force prohibited employes of the Land Department from making such entry upon the public domain. Prosser had been advised by officials of the Land Department that he, as special agent, did not come within the inhibition contained in the laws. More than five years after such entry, an

affidavit of contest was filed embracing the charge that Prosser's entry was in violation of law. The relief sought was the cancellation of the entry and its forfeiture to the United States. This contest was finally sustained by the Interior Department and patent was issued to a third party, who made entry. Prosser began his action to have the holder of the patent declared to hold the land as trustee for his benefit. Prosser claimed in his petition that while his original entry was void, by reason of the fact that he was an employe of the Department, yet he had made the entry upon the special advice of the Commissioner of the Land Office, advising that he was not regarded as coming within the terms of the word "employe"; that he had at great expense cultivated the land, and planted trees thereon, and that while he was in possession of the land, and long prior to the institution of any contest he had ceased to be a special agent of the general land office or to have any connection with the Land Department. His claim was that, having continued to occupy the land and to cultivate the same after he was in possession and authorized under the law to make a valid entry, and this state of affairs being in existence before any contest was begun, his former entry became by these facts validated. Patent had been issued to Finn by the department after the decision of the contest and the cancellation of Prosser's entry. In the opinion in this cause, it is said by the court on page 395 of the citation from the Law Edition:

"The principle is well settled that where one party has acquired the legal title to property to which another has the better right, a court of equity will convert him into a trustee of the true owner and compel him to convey the legal title." Stark v. Starr, 6 Wall. 402, 419, 18 L. Ed. 925, 930; Silver v. Ladd, 7 Wall. 219, 19 L. Ed. 138; Cornelius v. Wessel, 128 U. S. 461, 32 L. Ed. 484, 9 Sup.. Ct. Rep. 122; Bernier v. Bernier, 147 U. S. 242, 37 L. Ed. 152, 13 Sup. Ct. Rep. 244; Re Emblen, 161 U S. 52, 40 L. Ed. 613, 16 Sup. Ct. Rep. 487."

And further, on page 396:

"The law as we now recognize it to be, was the law when the plaintiff entered the lands in question, and, being at the time an employe in the Land Office, he could not acquire an interest in the lands that would prevent the government, by its proper officer or department, from canceling his entry and treating the lands as public lands which could be patented to others. It may be well to add that the plaintiff''s continuing in possession after he ceased to be special agent was not equivalent to a new entry. His rights must be determined by the valid-

ity of the original entry at the time it was made."

We think a careful analysis of that case discloses that it disposes of practically all the questions in the case before us here. In the case we are now considering the contest was based upon abandonment and failure to cultivate. In order to justify such a contest, it was necessary that it be predicated upon a valid entry or at least upon an entry so far valid as to effect a withdrawal of the land from public appropriation. To do this, the department held, in consonance with its former holding, that a continuance of the occupancy under the original entry after the disability had been removed, validated the original entry. Such holding is expressly disapproved and the contrary is held in the Prosser Case, supra. This question was fully argued in that case, as appears from the brief of plaintiff, citing the various decisions of the Land Department upon the point. This is a pure and unmixed question of law, and the right of plaintiff to maintain his action in the manner and for the purpose of declaring the trust is affirmed in the Prosser Case. In the case before us, the matter of the hardship upon the defendants, who have spent their money upon the contest proceeding, and after long litigation, bitterly contested by plaintiff, have been issued a patent and have occupied the land for a number of years, is urged. And it is further urged that by attempting to refute the allegations of the contestant and by insisting upon his right to hold the land under his original entry, plaintiff is estopped to deny the validity of his original entry, and is estopped to claim under his application of July 2, 1906.

As to both of these matters, it may be well to quote the expression of Mr. Justice Harlan in the Prosser Case, supra, as found on page 394 of the citation from the Law Edition:

"A great hardship has been done the contestee in this case, because we have no doubt he was led to make this entry upon the authority of the letter before referred to; but, holding to the doctrine that special agents come within the inhibitions of par. 452 of the Revised Statutes, we are unable to afford him the relief we would desire to give. We therefore hold that said timber-culture entry was void in its inception and recommend its cancellation.'

We know of no way by which plaintiff may have estopped himself to set up the invalidity of his attempted entry of March 3, 1902, unless it be by some deceitful conduct or some misrepresentation that has misled the defendant to his disadvantage as to the facts. But it appears that early in

the contest proceeding, plaintiff was asserting his right under his attempted entry of July 2, 1906, and asserting that his entry of March, 1902, was void. This matter was decided against plaintiff upon appeal, and decided upon the erroneous theory that his original void entry had been subsequently validated. The facts surrounding this matter were well known to all the parties involved and were apparent of record, of which record the defendant Lowe was bound to take notice.

Again, it is urged that plaintiff has been guilty of such laches as should bar this action. We are unable to so find. Plaintiff occupied the land under his claim until the year 1917. This action was begun on July 19, 1917; defendant received his final certificate on July 19, 1917. We are therefore of opinion that the original entry of March 3, 1902, was void, and, following the law, as announced in Prosser v. Finn, supra, that this void entry was not therefore validated by the continued possession of the land thereunder after he had become qualified by law to make a valid entry, and that the holding of the department that such void entry was thereafter validated was error, it follows that in July, 1906, the land was open for entry.

We have examined the authorities upon this proposition, to which plaintiffs in error have called our attention in their brief.

The case of Hodges v. Colcord, 193 U. S. 192, 48 L. Ed. 677, is authority for the proposition that an entry prima facie valid withdraws the land covered thereby from further entry so long as such entry remains uncanceled. And this is said in the opinion to be the holding of the Land Department. The distinction between entries void upon the face thereof and those prima facie valid is discussed, and it is upon this distinction that the judgment in the case appears to be based. In the case of Hastings & Dakota R. Co. v. Whitney, 132 U. S. 357, 33 L. Ed. 363, the contention was made that the entry was void on its face, but in this opinion it was held that such was not the fact. On page 366, Law Ed. it is said:

"We do not think this contention can be maintained. Under the Homestead Law three things are needed to be done in order to constitute an entry on public lands: First, the applicant must make an affidavit setting forth the facts which entitle him to make such an entry; second, he must make a formal application, and third, he must make payment of the money required. When these three requisites are complied with, and

the certificate of entry is executed, and delivered to him, the entry is made—the land entered. If either one of these integral parts of an entry is defective, that is, if the affidavit be insufficient in its showing, or if the application itself is informal, or if the payment is not made in actual cash, the register and receiver are justified in rejecting the application. But if notwithstanding these defects, the application is allowed by the land officers, and a certificate of entry is delivered to the applicant, and the entry is made of record, such entry may be afterwards canceled on account of these defects by the commissioner, or on appeal by the Secretary of the Interior; or, as is often the practice, the entry may be suspended, a hearing ordered, and the party notified to show by supplemental proof a full compliance with the requirements of the department; and on failure to do so the entry may then be canceled. But these defects, whether they be of form or substance, by no means render the entry absolutely a nullity."

The first requisite, as above prescribed, is that the applicant must make an affidavit, setting forth the facts which entitle him to make such entry. In the case before us, the affidavit and the record show the applicant not entitled to entry. It is not a case where there is merely a defect in the affidavit, either as to form or substance, but the affidavit and the record in themselves deny the right to entry and it was so considered by the local land office. The case of McMichael v. Murphy, 197 U. S. 304, 49 L. Ed. 766, involves an entry valid on its face, and the opinion fails to draw a distinction between such entries and those void upon their face. The remaining cases cited by plaintiffs in error appear to involve the same question of an entry prima facie valid. In the case here, the department has predicated the right of the contest upon the fact, not that the original entry against which the contest was instituted was valid in its inception, or even prima facie valid, but upon the sole theory that it, while void in its inception, was subsequently validated by the act of Congress removing the disqualification of the entryman, and this, as we have seen, according to the decision in Prosser v. Finn, supra, was error. If we are right in our holding that the entry in the case before us was void upon its face, then the authorities cited by plaintiffs in error upon this question are not in point. The form of action here is the usual action adopted to test the rights of one claiming the equitable title as against a holder of the record legal title. Plaintiff made proper tender of his application to enter on July 2, 1906.

his application to enter on July 2, 1906, the essential elements of such application. The adjudication of the questions involved is not a substitution of the court for the land office, but involves the question whether or not the department erred in a pure matter of law. See Hemmer v. United States, 204 Fed. 898; James v. Germania Iron Co., 107 Fed. 597. We recognize that the facts, as found by the department, are controlling upon this court. The evidence is practically contained in the pleadings, except upon the question of the usable value of the land. Upon this point, there seems to have been little controversy at the trial in the court below. The evidence upon this question is sufficient to sustain the judgment of the court. It is our conclusion, therefore, that the trial court did not err in overruling defendant's demurrer to plaintiff's petition, and that there was no error in the judgment of the trial court. The judgment of the trial court is therefore, in all things, affirmed.

McNEILL, C. J., and JOHNSON, BRANSON, LYDICK, and WARREN, JJ., concur.