207 P.2d 519

**EAGER et al. v. BELMORE.**

No. 5098.

Supreme Court of New Mexico.

May 5, 1949.

Rehearing Denied June 14, 1949.

C. C. Davidson, of Tucumcari, for appellant.

Iden & Johnson, of Albuquerque, and J. V. Gallegos, of Tucumcari, for appellees.

BRICE, Chief Justice.

This is an action brought by plaintiffs (appellees) to quiet title to certain real estate. The material facts found by the court are substantially as follows:

In 1907 D. A. Belmore was the owner of lots 8, 9 and 10 in Block 13 of the Original Townsite of the city of Tucumcari, New Mexico. On January 14, 1939 D. A. Belmore, a single man, executed a quitclaim deed, which purported to convey to C. H. Hittson the grantor's interest in the above described lots 9 and 10. D. A. Belmore died testate on March 13, 1939, having devised to his son, the plaintiff, all of the real estate owned by him in New Mexico.

For the years of 1931, 1932, 1933 and 1934, the lots were assessed for taxes to D. A. Belmore, and because of delinquency were sold on December 6, 1935 (presumably to the State of New Mexico) at tax sale for the taxes levied against them for those years. A tax sale certificate was issued by the County Treasurer to the State of New Mexico. On May 13, 1938 the treasurer of Quay County executed a deed purporting to convey to the State of New Mexico the three lots in suit, and other property, for a stated consideration

M. A. Threet and Simms, Modrall, Seymour & Simms, all of Albuquerque, and

of $1162.54, pursuant to the tax certificate mentioned.

On July 5, 1940 the State Tax Commission of New Mexico conveyed the three lots to W. F. Nance, then a transportation clerk in the employ of the New Mexico State Corporation Commission. In November 1940 Nance executed a deed purporting to convey the property in suit to James Edwin Eager and his sister-in-law Mary Jane Eager. At the time of this conveyance, Mary Jane Eager was the wife of Henry Eager a member of the State Corporation Commission. On the 3rd day of July, 1940, Nance filed his resignation as transportation clerk with his employer, which was accepted July 15, 1940, to which date he was paid his salary as clerk.

Neither D. A. Belmore, the defendant Belmore, Jr., nor anyone for either of them, redeemed or attempted to redeem from sale for delinquent taxes the three lots in suit, or either of them, within the time allowed by law.

On the 14th of September, 1940, defendant, D. A. Belmore, Jr. wrote a letter to the New Mexico State Tax Commission, relative to redemption of the real estate from the tax sale and seeking information in order to make redemption thereof.

On the 17th of September, 1940, C. C. McCulloh, Assistant Special Tax Attorney for the Tax Commission, wrote the defendant Belmore, sending him an application to repurchase advising him that he could repurchase in the name of the Estate of D. A. Belmore for the total taxes and costs, and also telling him that if he wished to purchase the property he must have the consent of the other heirs, as otherwise the Tax Commission would not be authorized to deed the property to him.

It is asserted that the trial court erred in refusing to hold that the tax title from the State Tax Commission to W. F. Nance was void in that it contravened Sec. 76-707, N.M.Sts. 1941, which is as follows:

"On the fifth day of the sale, all property on which no acceptable bid has been received, shall be sold to the state of New Mexico for the amount of the taxes, penalties, interest and costs due thereon. No official of any county or municipality, deputy or employee thereof, shall be interested or concerned directly or indirectly in the purchase of, or dealing in any lands, lots, or other property sold for delinquent taxes by the county treasurer, or in the purchase of tax sale certificate from such treasurer; nor shall any state official, deputy thereof, or person employed in any capacity by the state, or any county, or municipality, be interested or concerned, directly or indirectly in the purchase of any lands, lots or other property sold by the state tax commission *under the provisions of this act.* Any violation of the provisions of this section shall

be punishable by removal from office of such officer, deputy, or employee." (Our Emphasis.)

In 1934 a special session of the legislature enacted a comprehensive tax code. N.M.L. 1934, S.S.Ch. 27. The above quoted statute was section 8 of that act. It was provided among other things by that act that where tax sale certificates were issued on property sold to the state and not sold or assigned, that the county treasurer should, at the expiration of the redemption period, execute a deed to the state of New Mexico conveying the lands sold to it. By Section 30 it was provided that the State Tax Commission could sell at private sale any of such land sold to the state, where all taxes were not in excess of $50, exclusive of interest and costs; but if more than $50 the State Tax Commission was required to offer it for sale from time to time, and sell it at public venue to the highest and best bidder therefor; such sale to be held at the front door of the court house of the county wherein the property is situated. It was required that the property be appraised and sold for not less than its appraised value. In cases where the property did not bring the appraised value it was provided for its sale otherwise. This was the act to which reference was made in Sec. 76-707 supra, by the words *"under the provisions of this act."*

In 1939 a new law was enacted which provided among other things, as follows:

"The State Tax Commission shall have full power and authority to sell, either for cash or by contract, any property acquired by the state by tax deeds. Any contract or conveyance affecting the title of any such property shall be valid for the purposes therein expressed when executed and signed by the Chief Tax Commissioner and attested by the Secretary of the State Tax Commission. * * *" Sec. 3, Ch. 203, N.M.L. 1939.

"Any person may make application to purchase any property held by the state under tax deed by making a bid, in writing, to the State Tax Commission stating the amount which he is willing to pay therefor and whether such purchase is to be made for cash or under contract. Thereupon the State Tax Commission shall cause such property to be appraised and, in the event the amount bid shall be not less than such appraised value, the Commission shall accept such bid provided that application for repurchase has not been made by any person entitled thereto under the provisions of Section 4 hereof. * * *" Sec. 5, Ch. 203, N.M.L. 1939.

The Act of 1939, except as to the first section, did not purport to amend the Act of 1934; although it in effect amended all of that portion of the 1934 Act providing for the resale of land bought by the state

at sales for delinquent taxes, by a change of procedure in part. In the absence of Section 5, supra, of the 1939 Act the conveyance to Nance would be void as violating Sec. 76-707, N.M.Sts. 1941, as defendant contends. Sec. 5 of the 1939 Act provides in substance that *any person* may make application to purchase such land from the State Tax Commission and if he complies with the statute authorizing the purchase and sale, "the Commission shall accept such bid * * *."

If Sec. 76-707, supra, was not repealed by the Act of 1939, then the deed from the State Tax Commission to Nance was void, as was the deed from Nance to the Eager family. Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740; Waskey v. Hammer, 223 U.S. 85, 32 S.Ct. 187, 189, 56 L.Ed. 359. In the Waskey case the Supreme Court construed the following statute:

"The officers, clerks, and employees in the General Land Office are prohibited from directly or indirectly purchasing or becoming interested in the purchase of any of the public land; and any person who violates this section shall forthwith be removed from his office." Title "Public Lands" 43 U.S.C.A. § 11.

The Supreme Court said:

"The general rule of law is that an act done in violation of a statutory prohibition is void and confers no right upon the wrongdoer; but this rule is subject to the qualification that when, upon a survey of the statute, its subject-matter and the mischief sought to be prevented, it appears that the legislature intended otherwise, effect must be given to that intention. (authorities) Here we think the general rule applies. The acts described in § 452 [43 U.S.C.A. § 11] are expressly prohibited under penalty of dismissal. There is in its language nothing indicating that its scope is to be confined to the exaction of that penalty (authority), or that acts done in violation of it are to be valid against all but the government. Nor is there anything in its subject-matter or in the mischief sought to be prevented which militates against the application of the general rule. On the contrary, it is reasonably inferable, from the language of the section and the situation with which it deals, that it is intended that violations of it shall be attended by the ordinary consequences of unlawful acts. We therefore are of opinion that the readjusted location was void." And see Prosser v. Finn, 208 U.S. 67, 28 S.Ct. 225, 52 L.Ed. 392 to the same effect.

It is asserted that Sec. 76-707, supra, has application only to property sold under the 1934 Act; and that Secs. 5, 6 and 7 of the 1939 Act are not amendatory of the 1934 Act wherein provision is made for the sale by the State Tax Commission of property bought by the state at tax sales. These

sections (30, 31 and 32) of the 1934 Act are specifically repealed by the 1939 Act, but Secs. 5, 6 and 7 of the latter act are substitutions therefor and are in effect amendments of those sections. They might well have been substituted by amendment.

We are satisfied that the legislature did not intend to repeal any part of Sec. 76-707, supra. These substitutions were amendatory in effect; and will be treated by us, for the purposes of this case, as amending by implication, State ex rel. Taylor v. Mirabel, 33 N.M. 553, 273 P. 928, 62 A.L.R. 296, rather than an outright repeal.

It follows that Nance was prohibited from buying the property in suit from the State Tax Commission; that the deed to him was void and conveyed no title or interest therein, and he conveyed none to plaintiffs. Mosley v. Magnolia Pet. Co., supra. Other questions are raised, but this conclusion disposes of them.

Whether the defendant is entitled to purchase the property from the state cannot be determined in this action.

We call attention to Secs. 76-636 and 76-637, N.M.Sts. 1941, which make it a felony with drastic penalties, for any employee of the state or county whose duties are in anyway connected with the collection of delinquent taxes.

" * * * to either directly or indirectly speculate or by any other method seek to profit, or to profit in any manner whatsoever, through the sale or disposition of any property likely to be sold or otherwise disposed of according to law for the nonpayment of taxes, or which has actually been ordered to be sold or disposed of."

These statutes are not involved here, and we express no opinion as to whether they are now in force or whether they were repealed by the Act of 1939 supra; nor did we in Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 97, 164 A.L.R. 1280. We stated in our opinion in that case:

"The evidence shows that Mr. Fox (the county treasurer who sold the property and issued the tax deed) manifested early interest in the transactions, which defendant claims was not consistent with his official duties. As to this claim of defendant, we express no opinion except that we do not find the tax deed was void on that account."

Evidently it was our view that the "interest manifested" by Mr. Fox was not such as to come within the inhibition of these statutes. We did not intimate that they were repealed.

The decree of the district court should be reversed and cause remanded with instructions to the district court to set aside its decree, and to dismiss plaintiffs' bill with prejudice.

It is so ordered.

LUJAN and SADLER, JJ., concur.

McGHEE and COMPTON, JJ., did not participate.

On Motion for Rehearing.

BRICE, Chief Justice.

The plaintiffs move for a rehearing upon two grounds, as follows:

"The Court in its opinion did not expressly pass upon the limitation statute applicable to this case, to-wit, Section 25 of Chapter 27 of the [Sp.] Session Laws of 1934.

"The Court in its opinion did not expressly pass upon the proposition that the judgment in Cause No. 7563 was res adjudicata of the issues involved in this suit, at least as to an undivided one-half interest in the property."

▇▇▇▇ What standing have plaintiffs when it has been determined that the deed under which they claim is void? They are plaintiffs and must recover, if at all, on the strength of the void deed. Union Land & Grazing Co. v. Arce et al., 21 N.M. 115, 152 P. 1143; New Mexico Realty Co. v. Security Inv. & Dev. Co., 27 N.M. 664, 204 P. 984. Assuming for the moment that the short statute of limitation would protect them against defendant's attack, it does not relieve them from the burden of showing that they have sufficient title upon which to base a favorable decree, and they have none.

As to the second point, the facts as found by the court are as follows:

"That on April 11, 1941 the defendant, D. A. Belmore, Jr., filed his Complaint in Civil Cause No. 7563 on the docket of the District Court of Quay County, New Mexico, all of the files in said cause being in evidence in this case and having been admitted in evidence in the trial of this case in Tucumcari, New Mexico, on November 8, 1946, and in said Complaint the said D. A. Belmore, Jr., claimed the ownership of Lots 8, 9 and 10 in Block 33 of the Original Townsite of the City of Tucumcari, Quay County, New Mexico, and the plaintiff in this case, James Edwin Eager, was a defendant in said cause No. 7563, and that on March 22, 1945, the defendant James Edwin Eager, in said cause No. 7563 filed a motion to dismiss said cause because the plaintiff in said cause, D. A. Belmore, Jr., had failed to file any pleadings or take any action to bring said suit to its final determination for a period of more than two years, and on May 14, 1945, the District Judge before whom said cause was pending entered its order dismissing with prejudice said cause No. 7563, and that the pleadings in this case No. 8341, of the defendant, D. A. Belmore, Jr., including his cross-complaint, contain substantially the same material facts and issues involved in

said cause No. 7563 which was dismissed with prejudice."

An examination of the record in that case discloses that plaintiff Mary Jane Eager, who is the sister-in-law of plaintiff, was not a party to that suit, and the judgment of dismissal in the case of Belmore v. Eager did not affect defendant Belmore's claim as against her.

Defendant Belmore filed a cross-complaint in this cause, in which he claimed title to the property in suit. To this cross-complaint the plaintiffs pleaded the judgment of dismissal in the first suit as res judicata to defendant's cross action. Finding No. 15, supra, affected the cross-action only, from which no appeal was taken. It did not have the effect of establishing title in plaintiffs.

The motion for dismissal in the suit of Belmore v. Eager was as follows:

"That the above action was filed by the plaintiff on April 11, 1941 and said action is still pending in Court.

"That the plaintiff has failed to take any action to bring this suit to its final determination for more than two years after the filing of said suit and for more than two years of the filing of any pleadings in said action, and that no stipulation has been entered by the parties suspending or postponing final action therein beyond two years."

This motion was authorized by Rule of Civil Procedure 41(e), 1941 Comp. § 19-101 (41) (e), which is as follows:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice.

"(2) The filing of the motion for dismissal above provided for shall be taken and held as a special appearance by the party so filing same and shall not be taken to be an entry of appearance in said action or proceeding to confer upon the court jurisdiction other than to act upon said motion."

The order of dismissal was as follows:

"This cause coming on for hearing on Motion to Dismiss * * * and the Court being advised, finds:

"That the above action was filed by the plaintiff on April 11, 1941 and that the plaintiff has failed to take any action to bring this suit to its final determination for more than two years after the filing of said suit and for more than two years after the filing of any pleadings in this case, and that no written stipulation has been entered by the parties suspending or postponing final action beyond two years and the case should be dismissed with prejudice.

"It Is Therefore Ordered and Decreed by the Court, that the above action be and is hereby dismissed with prejudice."

We have held that Rule 41(e) has the effect of a statute of limitation, City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701. This is evident from the following language:

" * * * any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint * * *."

The order of dismissal did not have the effect of destroying rights, but took from the plaintiff his remedy. Sheley v. Shafer, 35 N.M. 358, 298 P. 942; Davis v. Savage, 50 N.M. 30, 168 P.2d 851. The effect of the dismissal was to deprive the plaintiff in that case (defendant Belmore in the present suit) from again bringing suit on the same cause of action against James Edwin Eager, but it went no further. He was barred from instituting a cross-action herein, and the court correctly refused him this remedy. However, it did not affect plaintiff's action nor defendant's defense thereto. This defense was in the following words:

"This defendant denies each, every, and all of the allegations contained in the plaintiffs' complaint except such as are hereinafter expressly admitted.

"This defendant admits that he claims right, title, interest and estate in and to the real estate described in the complaint adverse to the right, title, interest, estate, claim and demand of the plaintiffs."

The burden was on the plaintiffs to establish title by something more than a void deed, a mere nullity, and therefore entirely ineffective for any purpose.

We adhere to our original decision, and the motion for rehearing will be denied.

It is so ordered.

LUJAN and SADLER, JJ., concur.

McGHEE and COMPTON, JJ., did not participate.