## BARNSDALL STATE BANK v. SPRINGER.

No. 24748.    April 7, 1936.

H. M. Curnutt, for plaintiff in error.

Harold R. Williams and Herbert S. French, for defendant in error.

PER CURIAM. The facts, in the main,

are not in dispute; and we do not deem it necessary to review them. The trial court, at the close of the case, in what amount to findings of fact and conclusions of law, used the following language:

"In this case I have read the authorities submitted by counsel in this case. There is very little dispute on the facts, and I take it it is not necessary for a finding of facts to be made, because in fact there is no dispute about any facts in it. As I view the facts, however, Mr. Springer was engaged in the business of financing Mr. Bean, who was in the Ford business at Barnsdall, and these transactions had been occurring over a period of some time. And the Ford Motor Company or Mr. Bean's company at Barnsdall was getting in a rather strained financial situation. Mr. Kennedy of the defendant bank was interested in the Ford Motor Company at Barnsdall, financially, and the Ford Motor Company also owed the bank $4,000, unsecured. Mr. Bean as the managing officer of the motor company drew two drafts upon the plaintiff in this case, totaling approximately $3,000. As soon as those drafts were cleared, the bank, the defendant in this case, charged the account of the Ford Motor Company with $3,200, I believe it was, giving credit on the $4,000 note for this amount. It developed that Mr. Bean, the manager of the motor company, at that time, did not have the cars which he had mortgaged to the plaintiff in this case, and for which the drafts were drawn. A fraud was perpetrated upon the plaintiff. The money that was received as a result of the drawing of these drafts, to my mind, never did belong to the Ford Motor Company. The bank did not change its position any at all by reason of the transaction with Springer and the motor company. The motor company owed the bank $4,000 previous to that time, unsecured. The bank, as I say, made no change whatever in its position, it suffered no detriment and the money received as a result of the drawing of these drafts never did belong to the Ford Motor Company, because they perpetrated a fraud on the plaintiff when the drafts were drawn on plaintiff. I do not think the bank had any right to charge the account as they did. I doubt if even they had a lien on that fund because it never was the money of the Ford Motor Company, it came into their possession by reason of the fact that they perpetrated a fraud upon the plaintiff in this case, and the bank suffered no detriment whatever by reason of the transaction. I do not think they should be permitted to profit; as a matter of equity they should not be permitted to profit from such fraudulent transactions."

"Where a trustee commingles his beneficiary's money with his own, and then invades the common store, he will be presumed to have used his own money first, the law presuming that he does right rather than wrong." First State Bank v. O'Bannon, 130 Okla. 206, 266 P. 472.

"The bank did not change its position by reason of the deposit of this trust fund. * * * The fact that the bank knew nothing of the trust fund is immaterial." Fidelity National Bank v. Copeland, 138 Okla. 19, 280 P. 273.

"Where a party obtains the legal title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscionable manner, so that he cannot equitably retain it against the rightful owner, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner." Hayden et al. v. Dannenberg et al., 42 Okla. 776, 143 P. 859.

In the case at bar, the funds deposited in the Barnsdall State Bank were deposited by reason of fraudulent drafts drawn on the S. & S. Investment Company, the plaintiff here. This money so deposited never did belong to the Barnsdall Motor Company; and therefore the bank's lien claimed by the defendant could not attach, as the money, of course, did not belong to the motor company. Consequently, the relationship of debtor and creditor between the Barnsdall State Bank and the Barnsdall Motor Company never came into being. It therefore follows, under the holding in Lowe v. Dickson, 108 Okla. 241, 236 P. 399; Pollack v. Leonard & Braniff, 112 Okla. 276, 241 P. 158, and Fidelity National Bank of Oklahoma City v. Copeland, 138 Okla. 19, 280 P. 273, that the funds so deposited in the Barnsdall State Bank belong to the plaintiff, S. & S. Investment Company. The finding and decision of the trial court is therefore correct.

There being no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Edward Spiers, W. P. Morrison, and J. R. Spielman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Counsel, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Spiers and approved by Mr. Morrison and Mr. Spielman the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.