PARDUHN et ux. v. RODMAN.

No. 33368. April 5, 1949.

*204 P. 2d 869.*

George W. Gay and John E. Marshall, both of Oklahoma City, for plaintiffs in error.

Thad L. Klutts and Dennis Wright, both of Oklahoma City, for defendant in error.

LUTTRELL, J. This is an action brought by plaintiff, Bernice Rodman, against defendants Alfred Otto Parduhn and Mrs. Alfred Otto Parduhn, to recover possession of certain property in Oklahoma City, and to quiet plaintiff's title thereto. Plaintiff's petition alleged that by a decree of divorce on July 12, 1944, she was awarded the property free and clear of encumbrances, and that a warranty deed thereafter obtained from her husband by defendant, to which her name was signed as the wife of her former husband, was a forgery and conveyed nothing. Defendants by their amended answer asserted that the divorce decree did not convey title of the property to plaintiff; that the decree was never recorded in the office of the county clerk, and that they

purchased the property in good faith for a valuable consideration without notice of plaintiff's claim. The case was tried to the court without a jury and judgment rendered for plaintiff awarding her the property, and a further judgment for rents during the time the property was occupied by defendants. It awarded defendants judgment against plaintiff for the amount they had paid on a mortgage against the property, and for amounts expended by them during their occupancy for repairs and betterments. Defendants appeal.

The essential facts are not disputed. On February 29, 1944, plaintiff's husband, Louis O. Rodman, entered into a contract with the then owner to purchase the property. This contract was not recorded. The contract price was $6,000, of which $600 was paid in cash when the contract was signed. The contract recited that the balance of the purchase price was to be paid on the following terms:

"And pay a sum not to exceed Sixty ($60.00) Dollars monthly until such time as the balance between down payment and amount of F. H. A. loan and loan expense and F. H. A. reserve account has been fully absorbed at which time a deed will be given and purchaser assumes and agrees to pay the F. H. A. loan finally obtained, subject to its then balance."

On the date of the contract, February 29, 1944, Tok Building Company, in whom the then legal title was vested, mortgaged the property to Liberty National Bank for $5,300.

On July 12, 1944, plaintiff obtained a decree of divorce from Louis O. Rodman, in which she was awarded child support for her three minor children, an attorney's fee of $100, the household furniture, and the real estate in controversy, subject to the mortgage to Liberty National Bank in the sum of $5,300, the decree reciting "This decree to operate as an absolute conveyance to title to plaintiff of said property." This decree was never filed for record in the office of the county clerk. Plaintiff was living in the property at the time the decree was entered. In July, 1945, she went to Wichita, Kan., as she testified, for a rest, but did not remove from the property, apparently leaving her furniture and other property therein. Shortly after plaintiff left her former husband rented the property to a man named Townes, who testified that he moved into the property on August 20, 1945, and occupied it until the latter part of February, 1946.

On September 29, 1945, Tok Building Company conveyed the property to Louis O. Rodman, "a single man", by warranty deed, which was recorded November 8, 1945. On November 7, 1945, a correction warranty deed was made by Tok Building Company to Rodman, which deed also recited that Rodman was a single man. On November 6, 1945, defendants contracted to purchase the property from Louis O. Rodman, and on November 10, 1945, a deed signed by Louis O. Rodman and Bernice Rodman, husband and wife, was executed and delivered to defendants.

On November 6, 1945, when defendants contracted to purchase the property, Rodman had not recorded his deed from Tok Building Company. The abstract was brought down to November 6th and submitted to defendants for examination. On November 14, 1945, the correction deed from Tok Building Company to Rodman, the deed from Rodman and Bernice Rodman, husband and wife, to defendants, and a release of the judgment in the divorce action, signed by the attorney who obtained the decree for plaintiff, were all filed. The abstract was then recertified as of that date. Defendants moved into the property about March 1, 1946, and were occupying the same at the time of the trial. Plaintiff testified that she learned of the existence of the deed to defendants in March, 1946, and this action was brought in May, 1946. The uncontradicted evidence on behalf of plaintiff conclusively established that she

never signed the deed under which defendants claim.

On appeal defendants contend that the signature of plaintiff was not necessary to pass title to them, asserting that the contract to purchase signed by Rodman was not acknowledged or recorded; that the legal title at the time the divorce was granted was in Tok Building Company, which was not bound by the decree, and that the decree did not operate upon or affect any after-acquired title obtained by Rodman. They say that the deed from Tok Building Company to Rodman, a single man, passed both the legal and equitable title to Rodman, and that the same was his separate property; that therefore his signature alone was sufficient to pass title to defendants. We are unable to agree with this contention.

Although the contract of purchase does not specify the exact sum of money over and above the sum of $600 which Rodman was obligated to pay, as between him and Tok Building Company he was thereby vested with the equitable title to the property, subject to the payment of the remainder of the purchase price, which remainder was paid by him either on or before September 29, 1945, the date of the deed from Tok Building Company to him. Since by the divorce decree equitable title was conveyed to and vested in plaintiff, payments subsequently made by him would inure to her benefit, so that the deed from Tok Building Company to Rodman conveyed only the legal title. The record does not show whether Tok Building Company was advised of the divorce, but Rodman was advised, and when he took the legal title to the premises with knowledge that the court had awarded said property to his wife, and that she was then the equitable owner thereof, he held the legal title in trust for her as trustee of a constructive trust.

By the 3d subdivision of 60 O.S. 1941 §136, it is provided that a trust may arise by operation of law. In Teuscher v. Gragg, 136 Okla. 129, 276 P. 753, 66 A.L.R. 143, we said:

"The principle is well settled that, where one party has acquired the legal title to property to which another has the better right, a court of equity will convert him into a trustee of the true owner and compel him to convey the legal title."

The same rule is announced in Lowe v. Dickson, 108 Okla. 241, 236 P. 399, and in Barnsdall State Bank v. Springer, 176 Okla. 479, 56 P. 2d 390. Therefore, Rodman obtained only the naked legal title by the conveyance from Tok Building Company, and held the same for the benefit of his divorced wife, the then owner of the equitable title to the property, and a deed signed by him only would not convey title to the property.

Defendants also contend that they were innocent purchasers for value without notice, and therefore the trial court should have rendered judgment in their favor. But in Kline v. Mueller, 135 Okla. 123, 276 P. 200, and in Baldridge v. Sunday, 73 Okla. 287, 176 P. 404, we said:

"A forged deed is void, and the same, though recorded in due form, is ineffective as a muniment of title, even as to subsequent purchasers in good faith, for value, without notice."

Furthermore, the rule is well settled that one who has notice of facts sufficient to put him on inquiry, and neglects to make such inquiry, may not claim to be an innocent purchaser. Rector v. Wildrick, 59 Okla. 172, 158 P. 610; Brink v. Canfield, 78 Okla. 189, 187 P. 223, and cases cited in Vol. 14, Oklahoma Digest, Vendor and Purchaser, Key No. 229(1).

In the instant case it appears that both deeds to Rodman, one on September 29, 1945, and the other November 7, 1945, recited that he was a single man, while his deed to defendants, dated November 10th, showed him to be married. Defendant Parduhn testi-

fied that he had known Rodman in a business way for some two years, but knew nothing about his marital status. He did not require Rodman to record his deed before the abstract was brought down to date, nor did he apparently make any inquiry as to Rodman's marital status, although he testified that Rodman told him that he was going to Wichita to get the deed, and the deed when presented to him was signed by a woman purported to be Rodman's wife. Had the deed from Tok Building Company to Rodman been recorded prior to the time the abstract was first certified on November 6th, the abstract would undoubtedly have disclosed the judgment in the divorce case, since that judgment was not released by the attorney until the same day that the deed from Rodman to defendants was filed.

This evidence was sufficient to apprise defendants that there was, to say the least, some uncertainty or question as to the then marital status of Rodman, which was sufficient to put them on inquiry as to his true status. Had they used reasonable diligence after receiving such notice they could have readily ascertained his true marital status, and that a former wife was the owner of the property.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.