**FIRST NATIONAL BANK AND TRUST COMPANY OF McALESTER, OKLAHOMA, A Corporation, Plaintiff,**

v.

**Jamie COPPIN, Personal Representative of the Estate of James A. Eudy, Appellee/Counter–Appellant,**

**and**

**Rosemary R. Walthall, formerly Eudy, Appellant/Counter–Appellee.**

**No. 76484.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 4, 1992.

Michael E. Krasnow, Oklahoma City, for appellant/counter-appellee.

Donald R. Hackler, McAlester, for appellee/counter-appellant.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Rosemary R. Walthall, formerly Eudy (Appellant) was married to James A. Eudy (Eudy) in 1963. On February 27, 1986, Eudy purchased a life insurance policy from Federal Employees Group Life Insurance (Life Insurance). Eudy named Appellant as beneficiary in that policy. On April

22, 1987, Eudy purchased a separate life insurance policy (Mortgage Insurance) from National Old Line Insurance Company, now Monumental General Insurance Company. The beneficiary named under the Mortgage Insurance policy was Local Federal Savings and Loan (Local Federal), as the mortgagee of certain residential real property held by Appellant and Eudy as husband and wife.

In December, 1988, Appellant and Eudy divorced. As part of that divorce, the residential real property in question was granted to Appellant pursuant to a Settlement Agreement. Appellant assumed the debt on the residential real property. The Settlement Agreement contained the provision:

> The party liable for a debt hereby agrees to pay the same and to indemnify and hold the other party harmless of and from such debt.

Eudy died on September 10, 1989. Monumental General Insurance Company was notified of Eudy's death and paid the benefits of the Mortgage Insurance directly to Local Federal. This action discharged the mortgage on Appellant's home, the real property acquired in the 1988 divorce. The proceeds of the Life Insurance were paid to Appellant.

In late 1989, First National Bank and Trust Company of McAlester, Oklahoma (Bank), not a party to this appeal, filed an action against Jamie Coppin, as Personal Representative of the Estate of Eudy (P.R.), to foreclose a mortgage on property other than the residential real property above mentioned. Appellant was also a defendant in the foreclosure action. Local Federal is not a party to this action and is not involved in any manner.

In her Answer and Cross–Petition, P.R. contended that the designations of beneficiaries under both the Life Insurance and Mortgage Insurance were revoked pursuant to 15 O.S.Supp.1987 § 178. Additionally, P.R. contended that neither Appellant nor Local Federal had an insurable interest at the time of Eudy's death, so Appellant should be adjudged to be a trustee of the proceeds and be ordered to pay the same to the P.R.

Appellant answered and P.R. moved for summary judgment on the theory that Life Insurance was revoked by operation of 15 O.S.Supp.1987 § 178, and that Mortgage Insurance was also revoked by operation of § 178, or in the alternative, equity should impose a constructive trust on the proceeds of the Mortgage Insurance.

Appellant objected. After hearing on the matter, the trial court entered judgment on P.R.'s motion finding the proceeds of the Life Insurance to be impressed with a constructive trust. The trial court found the proceeds of the Mortgage Insurance to have been paid to the beneficiary, Local Federal, and entered judgment against P.R. and in favor of Appellant on the issue of Mortgage Insurance.

Section 178 reads in pertinent part:

> A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, ... and other contracts designating a beneficiary of any right, property or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked.... In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

> \* \* \* \* \* \*

> D. This section shall apply to any contract of a decedent dying on or after November 1, 1987.

Appellant appeals, contending that § 178 is unconstitutional as it impairs obligations of contracts. See U.S. CONST. Art. 1, § 10, cl. 1; OKLA CONST. Art. 2, § 15. P.R. counter appeals contending that Appellant's actions in securing and continuing in possession of the proceeds of the Mortgage Insurance is unconscionable

as Appellant agreed in the Settlement Agreement to hold Eudy harmless from the debt on the residential real property she acquired in the divorce.

At the time of the hearing on this matter, the case of *Whirlpool v. Ritter*, 929 F.2d 1318 (8th Cir.1991), had not been decided. In *Whirlpool*, the Federal Court reviewed 15 O.S.Supp.1987 § 178 and decided that an ex-wife who was named beneficiary in a life insurance policy by her deceased ex-husband was entitled to the proceeds of that policy. The Court found retrospective application of § 178 to unconstitutionally impair obligations of the contract. The Court also found that when a husband designated his wife as beneficiary, the then existing law provided she would remain his beneficiary until he designated someone else and husband was entitled to rely upon that law. "By reaching back in time and disrupting this expectation, the Oklahoma Legislature impaired [his] contract." *Whirlpool* at 1322.

Such is the case here. When Eudy purchased the life insurance policy, he named Appellant (his wife) as the beneficiary and he expected her to remain so until he changed the designation. When the law changed, it significantly and depreciatorily altered the already completed transactions.

The Federal Court found that while the Oklahoma Legislature had attempted to enact legislation to allow its citizens to provide for their new families, such legislation was invalid. The Court conjectured that some individuals might prefer to guarantee the financial security of their former family and make a conscious decision not to change the beneficiary. That court also discussed the "inattentiveness" many individuals have regarding their insurance policies and particularly the laws affecting those policies.

We note that § 178(D) was amended in 1989 to read:

> (D) This section shall apply to any contract of a decedent *made and entered into on or after November 1, 1987.*

15 O.S.Supp.1989 § 178 (Emphasis added.)

While this is inconclusive, it does appear to be an effort by the Legislature to cure § 178's constitutional infirmity. Eudy had a right to rely on the law that was in effect at the time he bought the life insurance policy, and the alteration of his contract that 15 O.S.Supp.1987 § 178 imposes is unconstitutional. Section 178 may only apply to contracts made after its effective date. The judgment as entered with reference to the Life Insurance policy must be reversed, and remanded to the trial court for further proceedings not inconsistent with this opinion.

■ As to the P.R.'s counter-appeal wherein she contends a constructive trust should be declared against Appellant for the proceeds of the Mortgage Insurance, we decline to do so. First, Local Federal, the beneficiary who received the same, is not a party to this action. Assuming arguendo P.R.'s contention is correct, we fail to see how this Court or the court below can direct a non-party to an action to proceed in any way. Secondly, P.R.'s theory of constructive trust is inapplicable. Constructive trust assumes that one party [here Appellant] has title to certain property [here mortgage insurance proceeds] that another [here Personal Representative] has a better right to. *Barnsdall State Bank v. Springer*, 56 P.2d 390, 176 Okl. 479 (1936). Appellant never had title to the Mortgage Insurance proceeds. Those proceeds passed directly from Monumental General to Local Federal. As such, we will not impose a constructive trust. Third, § 178 specifically does not apply as it deals only with a former spouse named as beneficiary, not a mortgagee. Finally, we note Eudy's estate may have benefited from the mortgage payoff as it is no longer liable for any future possible default by Appellant on the mortgage. The trial court's judgment as to the Mortgage Insurance is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

BAILEY and ADAMS, JJ., concur.