982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,
v.
Carri A. OMSTEAD, (formerly Watters), Defendant-Appellant,
Charles Thomas Watters, Sr., Defendant-Appellee,
and
Daniel B. Jones, Administrator of the Estate of Thomas
Watters, Jr., Defendant.
 No. 91-5195.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Prudential filed this interpleader action to determine who is entitled to the proceeds of two life insurance policies issued on the life of Charles Thomas Watters Jr. (Watters). Defendant Omstead was married to Watters when the life insurance policies were issued in March 1987, and she is the named beneficiary thereon. Omstead and Watters were divorced approximately six months before Watters died in a motor vehicle accident on October 29, 1989. Defendant Charles Watters Sr. is the deceased's father and is listed on the policies as the contingent beneficiary.[1] Both Omstead and Watters Sr. moved for summary judgment, claiming entitlement to the proceeds of the policies.
 
 
 6
 The district court granted Watters Sr.'s motion for summary judgment and denied Omstead's motion. The district court determined that Oklahoma law governed interpretation of the policies[2] and held that, pursuant to Oklahoma statute, when Watters and Omstead were divorced, the policies' provision which named Omstead as primary beneficiary was revoked and that, therefore, Watters Sr. was entitled to the proceeds as the contingent beneficiary under the policies.
 
 
 7
 Omstead appeals the district court's grant of summary judgment in Watters Sr.'s favor and its denial of her motion for summary judgment. She argues, for the first time on appeal, that Okla.Stat. tit. 15, § 178 (Supp.1987)[3] violates the Contract Clause of the United States Constitution and the parallel provision of the Oklahoma Constitution because it retroactively impairs preexisting contract rights or obligations. See U.S. Const. art. I, § 10, cl. 1; Okla. Const. art. II, § 15. Because Omstead failed to raise this constitutionality issue in the district court, the district court did not notify the Oklahoma Attorney General of the constitutional challenge to the state legislation pursuant to Fed.R.Civ.P. 24(c) and 28 U.S.C. § 2403(b). Consequently, the state was not given the opportunity to respond to Omstead's allegations of the statute's unconstitutionality. Rule 24(c) provides in pertinent part that
 
 
 8
 [w]hen the constitutionality of any statute of a State affecting the public interest is drawn in question in any action in which that State or any agency, officer, or employee thereof is not a party, the court shall notify the attorney general of the State as provided in Title 28, U.S.C. § 2403. A party challenging the constitutionality of legislation should call the attention of the court to its consequential duty, but failure to do so is not a waiver of any constitutional right otherwise timely asserted.
 
 
 9
 Similarly, 28 U.S.C. § 2403(b) provides in pertinent part:
 
 
 10
 In any action, suit or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.
 
 
 11
 As a general rule, this court will not consider an argument raised for the first time on appeal. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). "[O]ur respect for the district court means 'the policy of declining to consider an argument not raised below is strongest where the district judge was not aware of the argument.' " Id. (quoting Richerson v. Jones, 572 F.2d 89, 97 (3d Cir.1978)). Consequently, we decline to address Omstead's constitutionality argument for the first time on appeal.
 
 
 12
 Because the argument that section 178 is an unconstitutional violation of the Contract Clause may have merit, see Whirlpool Corp. v. Ritter, 929 F.2d 1318 (8th Cir.1991); First Nat'l Bank & Trust Co. v. Coppin, 827 P.2d 180 (Okla.Ct.App.1992),[4] we remand this case to the district court with direction to consider the constitutional issue raised by Omstead in this appeal. Consideration of the constitutional issue should, of course, follow notice by the district court of the constitutional challenge to the Oklahoma Attorney General pursuant to Fed.R.Civ.P. 24(c) and 28 U.S.C. § 2403(b).
 
 
 13
 The case is REMANDED to the district court for proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant Daniel Jones was appointed administrator of the estate of Watters, and claimed the proceeds on behalf of the estate. Apparently, however, after the location and appearance of Watters, Sr., the estate has disclaimed any interest in the proceeds and is not a party to this appeal
 
 
 [2]
 The parties do not challenge on appeal the district court's application of Oklahoma law to the current dispute
 
 
 [3]
 Okla.Stat. tit. 15, § 178 (Supp.1987) provides:
 A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts ...), the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked.... In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.
 ...
 D. This section shall apply to any contract of a decedent dying on or after November 1, 1987.
 On November 1, 1989, § 178 was amended to read:
 D. This section shall apply to any contract of a decedent made and entered into on or after November 1, 1987.
 Okla.Stat. tit. 15 § 178 (Supp.1989).
 
 
 [4]
 We express no opinion on the reasoning or outcome of these cases; we merely note that other courts have addressed the constitutionality of the statute in question and have found it to be unconstitutional