Dolores A. WILLIAMS, formerly Dolores A. McMahan, Appellant,

v.

**OLD AMERICAN INSURANCE CO., Appellee.**

No. 82912.

Court of Appeals of Oklahoma, Division No. 3.

April 12, 1994.

Rehearing Denied June 7, 1994.

Certiorari Denied Sept. 22, 1994.

Clifford E. Briery, III, Norman, and Herman Brandon, Oklahoma City, for appellant.

Kenneth Brokaw, Stewart & Elder, Oklahoma City, for appellee.

## OPINION

GARRETT, Vice Chief Judge:

William R. McMahan (William) was married to Dolores A. McMahan, now Williams, (Appellant or Dolores) in 1974 when a life insurance policy (policy or contract) on his life was issued by Old American Insurance Co. (Appellee or Insurer). He designated Dolores as beneficiary. They were divorced in 1986. The divorce decree did not mention the policy. William married Karla Yoakum (Karla) on July 9, 1987. He died on April 27, 1989. The beneficiary designation in the life insurance policy was never changed.

In June, 1989, a proceeding was filed to probate William's estate. Karla was appointed Personal Representative (P.R.). She submitted a claimant's statement—proof of death to Insurer. On July 26, 1989, Insurer paid P.R. $16,209.48, which was the full amount payable under the policy. Dolores filed this action against insurer. She alleged she was the beneficiary and sought to recover the proceeds of the policy.

Insurer filed a motion for summary judgment alleging it properly paid P.R. because at the time P.R. made the claim, 15 O.S.Supp.1987 § 178 was in effect. That statute provided:

A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts ...), the party to the contract with the power to designate the beneficiary of any death benefits dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in favor of the decedent's former spouse are revoked. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

\* \* \* \* \* \*

D. This section shall apply to any contract of a decedent dying on or after November 1, 1987.

Insurer alleged it acted in good faith and should not suffer a hardship because it acted in accordance with legislative intent as expressed by statute. Section 178D was later amended, effective November 1, 1989, to provide:

D. This section shall apply to any contract of a decedent made and entered into on or after November 1, 1987.

Dolores responded to Insurer's motion. She contended that retrospective application of 15 O.S.Supp.1987 § 178 would be unconstitutional because it would impair the obligation of a contract; and, Insurer did not act in good faith. The court sustained Insurer's motion and entered judgment for Insurer against Dolores. She appeals. In her Petition in Error Dolores alleged, inter alia, the

trial court erred in enforcing an unconstitutional statute.

Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish there is no genuine issue as to any material fact, and one party is entitled to judgment as a matter of law. *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okl.1988). Insurer's Motion for Summary Judgment and Dolores' response show there is no dispute as to any material fact. Insurer was not entitled to judgment as a matter of law. The opposite is true. In *First National Bank and Trust Company of McAlester v. Coppin*, 827 P.2d 180 (Okl.App.1992), we held 15 O.S.Supp.1987 § 178[1] to be unconstitutional, if applied in a retrospective manner. In *Coppin*, this Court found that a person purchasing life insurance had the right to contract in reliance on the law in effect at the time the contract was made.[2] In 1974, when this policy was issued, and prior to November 1, 1987, the law was: divorce did not alter the insurance contract; and, the beneficiary remained the same unless and until changed by the owner of the policy. We cited *Whirlpool Corp. v. Ritter*, 929 F.2d 1318 (8th Cir.1991), and adopted its reasoning. In *Whirlpool*, the court considered § 178 and held its retrospective application was unconstitutional because it constituted an impairment of the obligation of a contract in violation of the Constitution of the United States, Art. 1, § 10, cl. 1.

The entry of summary judgment for Insurer, and the application of § 178 retroactively, was error. However, § 178 is not unconstitutional, *if* and when it is applied prospectively. "Insurance" has become so much a part of economics that society seems to have lost touch with the fact, historically, insurance contracts were held invalid and unenforceable because they violated statutes prohibiting gambling. It is well settled that an insurance policy (contract) is valid only insofar as it is authorized by statute. It is equally well settled that these contracts are subject to almost absolute regulation by statute; and, provisions of statutes in force when

a policy is issued become a part of the insurance contract.

Obviously, life insurance contracts had been authorized by statute in Oklahoma when the policy being considered was issued. Therefore, when § 178 was enacted and made applicable to previously issued life insurance policies, the Legislature was attempting to impair the obligation of an existing and valid contract. This was held to violate the Constitution in the above cited cases.

Insurer's contention that it acted in good faith when it paid the policy proceeds to P.R. and therefore, any mistake made should not work to its detriment is not material. In *Shebester v. Triple Crown Insurers*, 826 P.2d 603 (Okl.1992), the Court said: "... an insurer who chooses to pay one of two or more competing claimants does so at its own risk ...". Insurer knew, from its own records, that the designated beneficiary was Dolores. It becomes unnecessary to consider other arguments made by the parties. Insurer's Motion to Strike certain documents is moot.

REVERSED AND REMANDED for further proceedings consistent with this opinion.

HUNTER, P.J., and BAILEY, J., concur.

1. Prior to the 1989 amendment.

2. The date the policy was issued.