Dolores A. WILLIAMS, formerly Dolores A. McMahan, Appellant/Counter–Appellee,

v.

OLD AMERICAN INSURANCE CO., Appellee/Counter–Appellant.

No. 85604.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 17, 1995.

Herman D. Brandon, Oklahoma City, for Appellant.

Rodney C. Ramsey, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, for Appellee.

## OPINION

TAYLOR, Presiding Judge.

Both parties appeal from the trial court's entry of summary judgment in favor of Plaintiff, Dolores Williams. The appeal was placed on the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp.1994, ch. 15, app. 2. After a review of the record and the applicable law, we affirm in part, reverse in part, and remand.

This is the second time this matter has been before the court of appeals for review. On April 12, 1994, Division Three issued its opinion in Appeal No. 82,912, reversing the trial court's grant of summary judgment to Defendant, Old American Insurance Co. (Old American). *Williams v. Old American Ins. Co.,* 882 P.2d 576 (Okla.Ct.App.1994) (hereinafter, *Williams I* ).

The facts underlying this action, described more fully at length in *Williams I,* involve Old American's initial, improper payment of $16,190 in life insurance proceeds to Karla McMahan (Karla), as personal representative of William McMahan. William McMahan died on April 27, 1989. In 1974, while married to Plaintiff, he purchased the policy in question and named Plaintiff as beneficiary. Plaintiff and William McMahan were divorced in 1986, and William married Karla in 1987. The beneficiary designation in the policy was never changed.

In July 1989, when Old American paid the proceeds to Karla, it was acting in accord with 15 O.S.Supp.1987 § 178 (effective November 1, 1987), which stated that, if an insured individual died after being divorced from the named beneficiary of a policy, all provisions in favor of the former spouse were revoked. Section 178 was amended effective November 1, 1989, to apply only to contracts entered into after November 1, 1987. In *First National Bank and Trust Co. of McAlester v. Coppin,* 827 P.2d 180 (Okla.Ct.App. 1992), the court of appeals held the 1987

version of section 178 unconstitutional if applied retrospectively. As noted above, in *Williams I,* the court of appeals, following *First National,* held Old American should have paid Plaintiff, and that Plaintiff was entitled to the proceeds, and to judgment, as a matter of law, regardless of Old American's alleged "good faith" in paying Karla. *Williams I,* 882 P.2d at 578. The case was remanded for further proceedings.

After remand, Plaintiff moved for and was granted summary judgment. In its judgment, the trial court awarded Plaintiff what it termed the "face amount" of the policy, $16,190, together with pre-judgment interest at the rate of five percent per annum from the date of William McMahan's death, and attorney fees.

Plaintiff's current appeal alleges two basic errors in the trial court's judgment: (1) that the trial court improperly computed the "face amount" of the policy and that such amount is unsupported by evidence; and (2) that the trial court should have awarded pre-judgment interest at the rate set forth in 36 O.S.1991 § 3629(B), of fifteen percent per annum, rather than five percent.

Old American alleges error in awarding any attorney fees and pre-judgment interest to Plaintiff. In the trial court, Old American asserted attorney fee and interest awards in such cases are discretionary under section 3629(B), and that fees and pre-judgment interest were not warranted because Old American timely paid the proceeds in good faith (even though to the wrong person). In its petition in error, Old American argues further that, because it paid the proceeds (even though to the wrong person) within the time limits set forth in 36 O.S.1991 and Supp. 1994 § 4030.1, it should be relieved from liability for fees and pre-judgment interest. In response, Plaintiff has moved to dismiss Old American's appeal, contending that Old American did not raise section 4030.1 at the trial level.

■ Addressing Plaintiff's motion to dismiss first, we agree that the record reflects no mention of section 4030.1 by Old American in the trial court. The substance of Old American's argument on this point, however, is the same as it was in the trial court—i.e., that its good faith actions should excuse it from liability for pre-judgment interest and attorney fees. As such, we believe the issue was sufficiently presented to the trial court to allow it to accept or reject Old American's argument. The issue thus was preserved so as to subject it to our review, and we deny Plaintiff's motion to dismiss Old American's counter-appeal on this ground.

■ We reject Old American's argument on this issue, however, as did the trial court. In *Williams I,* the court, describing Old American's "good-faith" argument as immaterial, noted established Oklahoma law that "an insurer who chooses to pay one of two or more competing claimants does so at its own risk." 882 P.2d at 578 (quoting *Shebester v. Triple Crown Insurers,* 826 P.2d 603 (Okla. 1992)). Although an insurer's erroneous but arguably good faith payment might be relevant to a trial court's award of interest and fees when the decision whether to award fees at all is *discretionary* with the court, good faith is not relevant when the award of fees and interest is *mandatory.*

■ Under section 3629(B), "costs and attorney fees shall be allowable to the prevailing party," meaning an attorney fee award is mandatory. *Shadoan v. Liberty Mut. Fire Ins. Co.,* 894 P.2d 1140 (Okla.Ct.App.1995). We reject Old American's argument that the trial court's decision whether to allow attorney fees is discretionary. Although such was the holding of the Tenth Circuit Court of Appeals in *Adair State Bank v. American Casualty Co.,* 949 F.2d 1067 (10th Cir.1991), we reject this interpretation of Oklahoma legislative intent underlying section 3629. We agree instead with the Oklahoma Court of Appeals in *Shadoan.* 894 P.2d at 1143–44; *see also, Davis v. Davis,* 708 P.2d 1102, 1107 n. 23 (Okla.1985) ("The term 'shall' is a word of command or mandate, with a compulsory and peremptory meaning. It denotes exclusion of discretion. . . .").

■ Here, the prevailing party indisputedly is Plaintiff. The portion of section 3629(B) concerning attorney fees applies to life insurance contracts because the statutory section more specific to life insurance policies—36

**1108**

O.S.Supp.1994 § 4030.1—is silent as to attorney fee awards. *See City Nat'l Bank & Trust Co. v. Jackson Nat'l Life Ins.,* 804 P.2d 463 (Okla.Ct.App.1990). Thus, per the mandate in section 3629(B), the trial court was correct in awarding Plaintiff an attorney fee and costs.

■ However, section 4030.1(B) does specifically address pre-judgment interest. It thus governs the issue raised by Old American—of whether interest should be paid at all—as well as the issue raised by Plaintiff concerning the appropriate interest rate. *See City Nat'l,* 804 P.2d at 469. Section 4030.1(B) contains language making the insurer's liability for pre-judgment interest mandatory:

An insurer shall pay the proceeds of any benefits under a policy of life insurance not more than thirty (30) days after the insurer has received proof of death of the insured. If the proceeds are not paid within this period, the insurer *shall* pay interest on the proceeds, at a rate which is not less than the current rate of interest on death proceeds on deposit with the insurer, from the date of death of the insured to the date when the proceeds are paid. Should the insurer hold its deposits in a noninterest bearing account, the rate of interest to be paid *shall* be the same rate of interest as the average United States Treasury Bill rate of the preceding calendar year, as certified to the Insurance Commissioner by the State Treasurer on the first regular business day in January of each year, plus two (2) percentage points, which *shall* accrue from the thirty-first day after receipt of proof of loss until the proceeds are paid. . . .

36 O.S.Supp.1994 § 4030.1 (emphasis added).

The duty to award pre-judgment interest also is an affirmative one, and the trial court lacks discretion to exclude it from Plaintiff's recovery. We therefore find the trial court was correct in awarding pre-judgment interest, as well.

■ Because section 4030.1 specifically describes the rate at which interest is to accrue, however, it also determines the rate to be awarded by the trial court. Here, the trial court awarded interest at a rate of five percent per annum. Plaintiff, though relying heavily on *City National* for her argument that she is entitled to attorney fees, ignores clear dicta in that opinion specifying that section 4030.1 governs pre-judgment interest assessments. We are directed to nothing in the record suggesting an interest rate other than the fifteen percent described in section 3629(B), which we hold inapplicable as a matter of law.

■ In any appellate proceeding, the appellant bears the burden of establishing the existence of an alleged error, and of demonstrating to this court that the trial court made an incorrect decision. *Pracht v. Oklahoma State Bank,* 592 P.2d 976 (Okla.1979). Further, when the record does not include evidence, a presumption arises that the trial court's judgment was responsive to whatever proof was adduced. *Gilkes v. Gilkes,* 389 P.2d 503 (Okla.1964). We find nothing in the record to indicate the trial court did not follow the mandate of section 4030.1 in determining the appropriate pre-judgment interest rate. We therefore presume the determination was correct, and affirm that portion of the judgment determining the annual interest rate to be applied.

■ Finally, Plaintiff complains of the trial court's determination that the "face amount" of the policy was $16,190 rather than $17,360, as Plaintiff contends. The portions of the policy appearing in the record include a "Policy Schedule" (Schedule) and the first page of a "Family Income Supplement" (Supplement). In the Schedule, the "Face Amount" of the policy is described as $1,500. The Schedule also states:

THE COMPANY will pay the Face Amount to the Beneficiary upon receipt at the Home Office of due proof of death of the Insured [William McMahan] occurring while this policy is in force, subject to all provisions on this and succeeding policy pages.

The Supplement describes the "Family Income Payment" as $260.00, and lists the Supplement's "Expiry Date" as May 1, 1994. It states Old American will pay the beneficiary such payment each month "from the date of

the Insured's death until the Expiry Date," upon proof of the insured's death. The Supplement also contains the following provision: "If no Beneficiary survives the Insured the commuted value of all the Family Income Payments shall be paid in one sum to the Insured's estate." At no point in the Supplement does it describe a "face amount" of that portion of the policy.

In making its original payment of $16,190 to William McMahan's estate in 1989, Old American clearly was following the language of the latter-quoted provision of the Supplement, combined with 15 O.S.Supp.1987 § 178(B). Section 178(B) provides that in the event of divorce, "the decedent's former spouse" (in this case, Plaintiff) is to be treated as having predeceased the decedent. In computing the amount to which she believes she is entitled, Plaintiff also appears to have applied the Supplement's "one sum" provision payable upon the insured's death: The $17,360 that she claims is based on the $1,500 "Face Amount," plus sixty-one payments of $260 (i.e., $15,860).

As noted above, however, *Williams I* held section 178(B) unconstitutional as applied to this case. Therefore, the "commuted value" and "one sum" payment provisions of the Supplement do not apply, inasmuch as Plaintiff—decedent's former spouse and the named beneficiary under the policy—is still alive.

Had Old American paid the policy the way it should have, Plaintiff would have been entitled to receive $1,500 upon William McMahan's death in April 1989, followed by payments of $260 *per month* until "one month prior to the Expiry Date," as provided in the Supplement. Interest would not have started accruing on a monthly payment until such payment became due and payable. Plaintiff is *not* entitled to interest accruing on the combined total of all unpaid amounts (to her) under the policy for the entire period since William McMahan's death, as held by the trial court.

Accordingly, we agree with neither Plaintiff nor the trial court in their computations of the appropriate principal amount of Plaintiff's judgment, or the manner in which interest should accrue. We therefore reverse the trial court's judgment to the extent it found that the "face amount" of the policy to which Plaintiff was entitled was $16,190, and to the extent it held that interest should accrue on such amount from the date of William McMahan's death. This case is remanded with instructions to the court to redetermine the appropriate principal balance and interest due under the terms of the Schedule and the Supplement, in accordance with the views expressed herein, and to enter judgment accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

BOUDREAU and REIF, JJ., concur.